## ODD FELLOWS' HALL COMPANY *vs.* ZENAS B. GLAZIER.

An action will not lie on a stock subscription, where the terms of the subscription contain no promise to pay, and the charter only authorizes a forfeiture of stock for non-payment.

THE plaintiffs were a company incorporated by statute; and the defendant subscribed for twenty-one shares of stock, under the following general form of subscription :—" We, the subscribers, agree to take the number of shares of stock in the Odd Fellows' Hall Company, of Wilmington, prefixed to our names respectively." He paid the first instalment of one dollar; was elected a curator, and acted as such; after which four other calls were made, which he failed to pay ; and for which suit was now brought. The company built a hall, at a cost of $20,000.

For the defendent it was contended, that neither the terms of the subscription, nor the act of incorporation imposed any obligation to pay subscriptions which could be enforced otherwise than by a forfeiture of instalments paid in. (6 *Mass. Rep.* 40.; 8 *Ibid* 138 ; 14 *Ibid* 286 ; *Ang. & Ames, Corp.* 409, *ch.* 15.)

The plaintiffs, contra, contended, that whenever there was a legal liability to pay, the law would imply an assumpsit, and an action would lie. (*Bull's N. P.* 129.; *Cowp.* 476.; *Rand* vs. *Green; Caine's N. York Rep.* 389.)

*By the Court :—*

BOOTH, *Chief Justice.*—Where a person is under a legal obligation to pay a sum of money by virtue of a statute, the law implies a promise or contract on his part, to make the payment.; and if the statute prescribes no form of action, or other remedy, a recovery may be had by an action of debt or assumpsit. The question in this case is, whether the legal obligation or personal liability exists on the part of the defendant, to pay the instalments called, and remaining unpaid, on the twenty-one shares of stock which he subscribed for. This is to be determined by the act incorporating the Odd Fellows' Hall Company of Wilmington. The sixth section requires the payment of one dollar to the commissioners, before the organization of the corporation; and after the organization, it requires payment to be made to the treasurer, of such instalments, and at such times as the board of directors may order. In case of failure to pay the instalments at the time appointed, the board of

direction is authorized to declare the amount previously paid by the defaulting party, and the stock held by him to be forfeited; and to direct the treasurer to dispose of such stock to other persons.    This is the only remedy prescribed by the act to enforce the payment of instalments.    No power is given to the corporation to institute suits against delinquent stockholders and thus, to make them personally responsible.    The unpaid instalments are a charge upon the stock; but not a personal charge upon the stockholders.    This considera- tion, probably, was an inducement on the part of this defendant, and other stockholders, to subscribe for the stock.    A person · may be willing to embark in an undertaking authorized by an act of in- corporation, when he observes by the terms of the act, that the only risk which he incurs, will be the forfeiture of his stock and the in- stalments he pays ; but may be very unwilling, and might refuse, to become a member of a corporation, where the act makes him per- sonally liable for the whole amount of the shares of stock, for which he becomes a member.    The power to forfeit the shares of stock and the amount paid on them, must have been deemed by the Legisla- ture, a sufficient remedy on behalf of the Odd Fellows' Hall Com- pany, to enforce payment of the instalments.    As a corporation can exercise no powers except those granted by the act of incorporation, and such as are the common law incidents to every body poli- tic, the plaintiffs in this case, have no authority to institute suits against delinquent stockholders, to recover unpaid instalments ; be- cause no such authority·is conferred by the charter.    Had the power been given, the stockholders would be personally liable, and under a legal obligation to pay.    And if the corporation in such case, should elect to sue, instead of forfeiting the shares, the action would be main- tainable upon the promise or contract implied by law.    But in the case before the court, as the act of incorporation gives no authority to sue stockholders for unpaid instalments ; they should, if it was in- tended to make them personally liable, have been required, when they subscribed for the stock, to sign a written promise or contract to pay the instalments on their several shares, at such times as they should be called for, or demanded.    Such a written contract or promise, although the charter is silent on the subject, would be legal; upon the principle, that every corporation has .the power to make contracts to effect the purposes and objects for which the corpora- tion was created.    The written agreement of November 22, A. D., 1847, signed by the defendant and others, contains neither an ex-

press nor an implied promise to pay the instalments on the shares taken by them. It is merely an engagement to take the number of shares prefixed to their respective names. By signing it, they became members of the corporation, subject only to such liabilities as the act of incorporation imposes. The written agreement cannot receive any other fair or reasonable construction.

As there is no express or implied promise on the part of the defendant to pay the instalments called for, this action cannot be maintained.

Judgment for defendant.